Thomas A. McCarville, Esq., SBN 001113
David A. McCarville, Esq., SBN 024470
Joshua R. Wallace, Esq., SBN 026395
**MCCARVILLE LAW OFFICES, PLC**
501 North Florence Street, Ste. 101
Casa Grande, Arizona 85222
Phone: (520) 316-0610
Fax: (520) 316-0613
Email: mcl@mccarvillelawoffices.com
*Attorneys for Movant U.S. BANK NATIONAL ASSOCIATION*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br><br> RENEE ROSS, <br><br> Debtor(s). | **CHAPTER 7** <br><br> **CASE NO.: 4:09-bk-22309-EWH** |
| U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to Bank of America, National Association, as successor by merger to LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-AHL1, <br><br> Movant, <br><br> v. <br><br> RENEE ROSS, Debtor; and GAYLE ESKAY MILLS, Chapter 7 Trustee, <br><br> Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

**TO: RENEE ROSS (Debtor in Pro Per), GAYLE ESKAY MILLS (Chapter 7 Trustee), Clerk of the Court and All Interested Parties:**

U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to Bank of America, National Association, as successor by merger to LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-AHL1 ("Secured Creditor"), hereby moves this Honorable Court for an Order terminating the Automatic Stay so that Secured Creditor and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's property.

In the event Secured Creditor obtains title to the property at its foreclosure sale, Secured Creditor will incur substantial fees and costs in reselling the Property. Based on past experience of the Secured Creditor, the additional cost is a minimum of eight to ten percent. This cost is primarily commission fees on resale, and title and closing costs. Further, it is typical to incur further expense for putting the property in marketable condition.

## FACTS

1. On March 22, 2006, the Debtor entered into a Promissory Note and Deed of Trust with Secured Creditor for the principal sum of $320,000.00, secured by the real property generally described as 2916 N. 63rd Street, Mesa, Arizona 85215, ("Property"), and legally described as follows:

> LOT 42, MESA DESERT HEIGHTS, ACCORDING TO BOOK 275 OF MAPS, PAGE 10, AND CERTIFICATE OF CORRECTION RECORDED IN RECORDING NO. 84-527435, RECORDS OF MARICOPA COUNTY, ARIZONA
>
> EXCEPT ALL GAS, OIL, METALS AND MINERALS RIGHTS AS RESERVED IN PATENT FROM THE STATE OF ARIZONA

2. The Deed of Trust evidencing the transaction was duly recorded with the County Recorder's Office on March 27, 2006, as Document No. 2006- 0407261.

3. Secured Creditor alleges the value of the Property to be approximately $368,500.00, based upon a Broker Price Opinion obtained from Integrated Asset Services, LLC dated January 12, 2009, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

4. The Debtor has not made any post-petition payments pursuant to the terms of the Promissory Note and is in default. With respect to Secured Creditor's Trust Deed as of September 14, 2009, the following is due and owing:

<u>Unpaid Principal Balance</u>     $312,881.71

<u>Total Arrearages</u>

10 Monthly payments at $2,345.82 each
(December 2008 through September 2009)     $23,458.20

| | |
|---|---:|
| Escrow Overdraft | $1,515.60 |
| Bankruptcy Attorneys' Fees and costs | $400.00 |
| Filing Fee | $150.00 |
| TOTAL DELINQUENCIES | $25,523.80 |
| TOTAL Unpaid Principal plus Delinquencies | $338,405.51 |

Furthermore, a monthly payment becomes due on October 1, 2009, and same becomes due on the first (1st) day of every month thereafter.

5. The unpaid principal balance plus delinquencies set forth hereinabove does not include accrued interest. The actual payoff amount will be higher than the amount set forth hereinabove and will be disclosed by supplemental declaration if necessary.

6. In the event Secured Creditor obtains title to the property at its foreclosure sale, Secured Creditor will incur substantial fees and costs in reselling the Property. Based on past experience of the Secured Creditor, the additional cost is a minimum of eight to ten percent. This cost is primarily commission fees on resale, and title and closing costs. Further, it is typical to incur further expense for putting the property in marketable condition.

7. Secured Creditor has elected to initiate foreclosure proceedings on the subject property with respect to the subject Trust Deed. However, Secured Creditor is precluded from proceeding to publish the necessary notices and commencing said foreclosure action during the pendency of this bankruptcy.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Secured Creditor alleges that there appears to be no/insufficient equity with respect to the subject Property, that Secured Creditor is not adequately protected, that the Property is not necessary for an effective reorganization, and that cause exists, in that Secured Creditor is not receiving its regular monthly payments, and/or that it would be unfair and inequitable to delay secured Creditor in the foreclosure of Secured Creditor's interest in the Subject Property. 11 U.S.C. § 362(d).

///

McCARVILLE LAW OFFICES, PLC
501 N. Florence Street, Suite 101
Casa Grande, AZ 85222
Phone: 520-316-0610

The Secured Creditor seeks to lift the automatic stay in this matter so that it may proceed to commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's property. The Bankruptcy Code provides for relief from the automatic stay: "For cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C.A. § 362(d)(1).

Procedurally, a lift-stay movant has the burden to establish prima facie facts entitling it to relief. See In re Elmore, 94 B.R. 670 (Bankr. C.D.Cal. 1988). To establish a prima facie case, the moving creditor must demonstrate the following: that the debtor owes the obligation to the creditor; that there is a valid security interest from which relief from the stay may be brought; or "cause" justifying relief from stay. In re Kin, 71 B.R. 101, 1015 (Bankr. C.D.Cal. 1987). After a creditor has established its prima facie case, the burden of proof shifts to the debtor to prove that there is no cause to terminate the automatic stay. 11 U.S.C.A. § 362(g)(2); In re Ellis, 60 B.R. 432, 435 (9th Cir. B.A.P. 1982) citing In re Gauvin, 24 B.R. 578 (9th cir. B.A.P. 1982).

This Secured Creditor is the servicer and/or beneficiary of a Promissory Note dated March 22, 2006, in the principal amount of $320,000.00, which is secured by the above-referenced Deed of Trust. Copies of said Note and Deed of Trust are attached hereto as Exhibits "B" and "C," respectively, and incorporated herein by reference.

On or about September 10, 2009, Debtor commenced the current Chapter 7 Bankruptcy proceeding in this Court.

The Debtor's total arrearages are broken down as follows:

| | |
|---|---|
| <u>Unpaid Principal Balance</u> | $312,881.71 |
| <u>Total Arrearages</u> | |
| 10 Monthly payments at $2,345.82 each (December 2008 through September 2009) | $23,458.20 |
| Escrow Overdraft | $1,515.60 |
| Bankruptcy Attorneys' Fees and costs | $400.00 |
| Filing Fee | $150.00 |

| | |
|---|---|
| TOTAL DELINQUENCIES | $25,523.80 |
| TOTAL Unpaid Principal plus Delinquencies | $338,405.51 |

Secured Creditor has elected to initiate foreclosure proceedings on the subject property with respect to the subject Deed of Trust. However, Secured Creditor is precluded from proceeding to publish the necessary notices and commencing said foreclosure action during the pendency of this Bankruptcy.

## I. SECURED CREDITOR IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2)

11 U.S.C. § 362(d) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

>    (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
>    (A) the debtor does not have an equity in such property; and
>
>    (B) such property is not necessary to an effective reorganization. . .

Subsection (2) of 11 U.S.C.§ 362(d) allows the court to grant relief from the automatic stay if the debtor does not have equity in the subject property and if the subject property is not necessary to an effective reorganization. In In re San Clemente Estates, 5 B.R. 605 (S.D. Cal. 1980), the court stated that:

> Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under Section 362(d)(1). (Emphasis added.)

Id. 5 B.R. at 610.

In re Mikole Developers, Inc., 14 B.R. 524 (1981), involved a claim for relief under 11 U.S.C. § 362(d)(2). The court stated that in determining whether equity exists in the subject property, all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay. Id. At 525. The Ninth Circuit has concurred in this view in Stewart

v. Gurley, 745 F.2d 1194 (9th Cir. 1984); see also In re Mellor, 734 F.2d 1396 (9th Cir. 1984). An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. CA 1982).

In the present case, the Debtor has little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein.

## II. THE DEBTOR HAS THE BURDEN OF SHOWING THAT THE PROPERTY IS NECESSARY TO AN EFFECTIVE REORGANIZATION AND, ABSENT SUCH A SHOWING, RELIEF FROM STAY SHOULD BE GRANTED

A creditor is entitled to relief from the automatic stay under Section 362(d)(2) unless the debtor has met the burden of establishing that the property is "necessary to an effective reorganization." Section 362(g)(1) and (2) of the Bankruptcy Code, see In re Roselli, 10 B.R. 665 (Bankr. PA 1981).

"Effective" reorganization means that there must exist a reasonable possibility of such a successful reorganization or rehabilitation. In re Vieland, 41 B.R. 134, 142 (Bankr. Ohio 1984). Since this is a Chapter 7 case, there clearly can be no effective reorganization. Therefore, relief from stay should be granted.

WHEREFORE, Secured Creditor prays judgment as follows:

(1) For an Order granting relief from Automatic Stay, permitting Secured Creditor to move ahead with foreclosure proceedings under Secured Creditor's Deed of Trust, and to sell the subject Property at a Trustee's Sale under the terms of said Trust Deed, including necessary action to obtain possession of the Property;

(2) For an Order waiving the 10-day stay provided by Bankruptcy rule 4001(a)(3);

(3) For an Order binding and effective despite any conversion of this bankruptcy case; and,

///

///

    (4)    For such other and further relief as this Court deems just and proper.

DATED this 30th day of September, 2009.

                                      McCARVILLE LAW OFFICES, PLC

By:   */s/ David A. McCarville*
      David A. McCarville
*Attorneys for Movant CITIBANK, N.A., as Trustee for the MLMI Trust Series 2006-HE5, assignee for Mortgage Electronic Registration Systems, Inc.,*

COPIES of the foregoing mailed
this 30th day of September, 2009, to:

Renee Ross
19878 W. Sweet Acacia
Casa Grande, AZ 85122
*Debtor In Pro Per*

Gayle Eskay Mills
P. O. Box 36317
Tucson, AZ 85740
Chapter 7 Trustee

By:   */s/ Stephanie G. Enniss*

---
*In re Renee Ross*     7     CASE NO. 4:09-bk-22309-EWH
MOTION FOR RELIEF FROM THE AUTOMATIC STAY